# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| JOHNNY SMITH et al., | | |
| | Plaintiffs, | |
| v. | | Civil No. 21-1897 (JRT/KMM) |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | |
| | Defendants. | |
| ZABIEULLAH REEZAYE, | | |
| | Plaintiffs, | |
| v. | | Civil No. 21-1905 (JRT/KMM) |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | |
| | Defendants. | |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS'
MOTIONS TO REMAND**

Alicia N. Sieben, Matthew James Barber, and William R. Sieben, **SCHWEBEL GOETZ & SIEBEN PA**, 80 South Eighth Street, Suite 5120, Minneapolis, MN 55402; Daniel E. Gustafson and Amanda M. Williams, **GUSTAFSON GLUEK PLLC**, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for plaintiffs.

Benjamin W. Hulse and Jerry W. Blackwell, **BLACKWELL BURKE PA**, 431 South Seventh Street, Suite 2500, Minneapolis, MN 55415, for defendants.

Plaintiffs, all private military contractors, wore Combat Arms Earplugs, Version 2 ("CAEv2"), manufactured by Defendants 3M Company and Aearo Technologies LLC (collectively "3M"), to protect against loud and damaging sounds while working for the military. Plaintiffs filed actions in Minnesota state court, alleging that 3M failed to provide adequate instructions and warnings concerning how to properly wear the CAEv2 and, as a result, that they now suffer from hearing loss and/or tinnitus. 3M removed Plaintiffs' actions to federal court, arguing that the Court has jurisdiction over Plaintiffs' failure-to-warn claims under the government contractor defense. Previously, in factually similar cases, the Court found that 3M failed to properly raise a government contractor defense. After 3M removed the present actions, the Eighth Circuit reversed the Court's earlier holdings that 3M failed to raise a colorable federal defense sufficient to establish federal question jurisdiction under the Federal Officer Removal Statute, but only specifically

where the plaintiffs received CAEv2 through the military. The Eighth Circuit's opinion turned on the fact that the plaintiffs there were provided the CAEv2 through the military. Here, 3M admits that it lacks a sufficient basis to allege that the plaintiffs received their CAEv2 through the military. In light of those facts, the Court will grant the plaintiffs' motions to remand the above captioned cases to state court.

## BACKGROUND

### I. FACTUAL BACKGROUND

Plaintiffs wore CAEv2 when exposed to loud, high-pitched noises, as civilian employees while performing various tasks as civilian military contractors. (*See, e.g.*, ECF 21-1897, Smith et al. Compl. ¶¶ 9–11, Aug. 23, 2021, Docket No. 1-1.) Plaintiffs allege that they never received instructions to fold back the third flange of the CAEv2 earplug nor did they receive a warning that the earplug would be ineffective if they did not do so and, as a result, they now suffer from hearing loss and/or tinnitus. (*See, e.g.*, *id*. ¶¶ 12–13.)

### II. PROCEDURAL BACKGROUND

Plaintiffs filed their actions in Minnesota state court, asserting product liability claims based on 3M's alleged failure to warn regarding how to properly fit and safely wear the CAEv2. (*See, e.g.*, *id.* ¶¶ 50–61.) 3M subsequently gave notice of removal, arguing that the Court had subject matter jurisdiction over some claims based on the government contractor defense. (*See, e.g.*, ECF 21-1897, Smith et al. Notice Removal at 3, Aug. 23,

2021, Docket No. 1.) The plaintiffs moved to remand their cases to the state court. (*See, e.g.,* ECF 21-1897, Smith et al. Mot. Remand, Sept. 22, 2021, Docket No. 7.)

In a related case, the Court previously concluded that 3M failed to raise a colorable government contractor defense with respect to the tortious conduct alleged here. *Graves v. 3M Co.*, 447 F. Supp. 3d 908, 916 (D. Minn. 2020). The Eighth Circuit subsequently reversed the Court's decision insofar as it related to private military contractors. *Graves v. 3M Co.*, 17 F.4th 764, ___ (8th Cir. 2021). The *Graves* Court held that 3M raised a colorable defense because it alleged that those plaintiffs acquired CAEv2 through the military and with the warnings the military ordered to accompany them. *Id.* In light of that order, 3M carried out limited discovery and discovered that it did not have a sufficient factual bases to allege that the plaintiffs here received their CAEv2 through the military. (*See, e.g.,* ECF 21-1897, 3M Resp. Mot. Remand, Nov. 15, 2021, Docket No. 16.)

## DISCUSSION

### I.  STANDARD OF REVIEW

Typically, a defendant may remove a civil action to federal court only if the action could have been filed originally in federal court. *See* 28 U.S.C. § 1441(a); *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000). As a rule, where a complaint pleads only state law claims, a federal court does not have jurisdiction based on a federal defense. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). However, the Federal Officer Removal Statute provides an exception to that rule. 28 U.S.C. § 1442(a)(1). The

statute provides that cases against federal officers "may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999).

To satisfy the Federal Officer Removal Statute, the removing defendant must plausibly allege that (1) the defendant is a "person" under the statute; (2) the defendant was "acting under" the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal connection between the defendant's actions and the official authority; and (4) the defendant raises a "colorable" federal defense. *See Jacks v. Meridian Res. Co.*, 701 F.3d 1224, 1230 (8th Cir. 2012). A defendant need only demonstrate that its defense is "colorable," not "clearly sustainable." *Id.* at 1235. "For a defense to be considered colorable, it need only be plausible; § 1442(a)(1) does not require a court to hold that a defense will be successful before removal is appropriate." *Guggenberger v. Starkey Labs., Inc.*, 2016 WL 7479542, at *11 (D. Minn. Dec. 29, 2016) (quoting *United States v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001)).

**II.    ANALYSIS**

Previously, in a factually similar case, the Court ruled that 3M failed to raise a colorable federal defense against claims brought by private military contractors. *Copeland v. 3M Co.*, 2020 WL 5748114, at *3 (D. Minn. Sep. 25, 2020). The Eighth Circuit reversed that decision insofar as it concerned private military contractors who had received their CAEv2 through the military. *Graves*, 17 F.4th at ___. Regarding those

plaintiffs' actions, the Court held that 3M had satisfied all the requirements of the Federal Officer Removal Statute. *Id.*

The facts here are nearly identical to those at issue in *Graves*. Here, the plaintiffs are private military contractors. 3M concedes, however, that they do not have a basis to allege that the plaintiffs received their CAEv2s through the military. Given that the Eighth Circuits' opinion in *Graves* turned on that very fact, 3M has failed to establish federal question jurisdiction under the Federal Officer Removal Statute, and therefore, the Court will grant the plaintiffs' motions to remand to state court.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motions to Remand:

1. Smith et al. v. 3M Co. et al, CV21-1897, Docket No. 7;

2. Reezaye. v. 3M Co. et al, CV21-1905, Docket No. 7;

are **GRANTED.**

DATED: December 1, 2021
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court